UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAYSHA BLOUNT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-719-JWD-SDJ** |
| **CREDIT ACCEPTANCE CORPORATION** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 18, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAYSHA BLOUNT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-719-JWD-SDJ** |
| **CREDIT ACCEPTANCE CORPORATION** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff initiated this action against Defendant, Credit Acceptance Corporation ("CAC"), on October 21, 2020, seeking damages and other relief as a result of CAC's allegedly "constantly threaten[ing] to repossess [Plaintiff's] car."[1] On October 30, 2020, the Court issued an Order denying Plaintiff's Motion to Proceed *in Forma Pauperis* ("IFP") without prejudice, informing Plaintiff that her application to proceed IFP was "missing a page."[2] Following Plaintiff's failure to take any further action in this case, the Court, on June 3, 2021, ordered Plaintiff to "pay $402.00, the full amount of the Court's filing fee, or file a Motion to Proceed in forma pauperis" within 21 days of the date of the Order, or until June 24, 2021.[3] The Order also put Plaintiff on notice that failure to comply with the Court's Order "shall result in the dismissal of Plaintiff's Complaint without further notice from the Court."[4] Despite this warning, Plaintiff failed to comply with the Court's Order or otherwise take any action in this case. As a result, on August 9, 2021, the Court ordered Plaintiff to show cause why her claims against CAC should not be dismissed for failure to

---

[1] R. Doc. 1 at 5.
[2] R. Doc. 3 at 1.
[3] R. Doc. 4.
[4] *Id.*

pay the Court filing fee or file a Motion to Proceed IFP.[5] In its Order, the Court also explicitly notified Plaintiff that "[f]ailure to comply with this order will result in a recommendation that Plaintiffs' complaint be dismissed."[6]

Local Civil Rule 41(b) allows the Court to dismiss any cause of action for a plaintiff's failure to prosecute.[7] Here, Plaintiff has twice been notified that her cause of action would be dismissed if she failed to pay the filing fee or file for IFP status. She has done neither. In fact, Plaintiff has taken no action or otherwise participated in this proceeding since filing her Complaint and initial Motion to Proceed IFP over a year ago.

Accordingly,

**IT IS RECOMMEDED** that Plaintiff's action be **DISMISSED without prejudice** for failure to prosecute under Local Rule 41(b).

Signed in Baton Rouge, Louisiana, on January 18, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] R. Doc. 5 at 1.
[6] *Id.*
[7] According to Local Civil Rule 41(b)(2): "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action."